# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

SIDDIQUIE BROTHERS LLC,       :

      **Plaintiff,**       :

v.       :    **Case No.**

UNITED STATES OF AMERICA,    :

      **Defendant.**    :

## <u>COMPLAINT</u>

Plaintiff Siddiquie Brothers LLC, by and through undersigned counsel, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, hereby files this Complaint against Defendant United States of America and alleges:

1. This action seeks judicial review of the Final Agency Decision ("FAD"), dated March 20, 2026, issued by the U.S. Department of Agriculture's ("USDA") Food and Nutrition Service ("FNS"), which imposed a six-month term disqualification on Siddiquie Brothers LLC's retail food store, Citgo on Vliet, and precluding its participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

## <u>PARTIES</u>

2. Plaintiff Siddiquie Brothers LLC is a Wisconsin limited liability company.

3. Plaintiff Siddiquie Brothers LLC is a resident and citizen of the State of Wisconsin.

4. Plaintiff Siddiquie Brothers LLC is the owner of Citgo on Vliet, a retail food store located at 3308 West Vliet Street, Milwaukee, Wisconsin 53208 ("Citgo on Vliet").

5. Citgo on Vliet is a "Retail Food Store" as defined in 7 C.F.R. § 271.2.

6. Defendant United States of America is the federal government.

7. USDA is an executive branch department of the federal government.

8. FNS is an agency of the USDA.

9. FNS generally administers and has promulgated regulations governing the SNAP pursuant to a delegation by Congress in Section 4 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2013, and from the USDA Secretary.

10. Formerly known as the Food Stamp Program, SNAP provides supplemental nutrition benefits to nearly 40 million Americans and approximately 660,000 residents of Wisconsin. SNAP aims to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

11. Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNS asserts that it has regulatory authority to authorize and disqualify retail food stores from participating in SNAP.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, 28 U.S.C. §§ 1331 and 1346.

13. Venue in this district is proper under 7 U.S.C. § 2023 and 28 U.S.C. §§ 1391(b) and (e) because Citgo on Vliet, the retail food store that is the subject of this action, is located in this judicial district and because the United States of America is deemed a resident of this district and has consented to suit in this district.

14. Citgo on Vliet has exhausted all applicable administrative remedies required prior to the institution of this action.

## FACTUAL ALLEGATIONS

15. Citgo on Vliet is a convenience store that serves an impoverished community in Milwaukee.

2

16. At all times relevant hereto, Citgo on Vliet is and has been authorized by FNS to participate in SNAP as an authorized retailer.

17. At all times relevant hereto, Citgo on Vliet has trained its employees regarding SNAP in accordance with FNS requirements.

18. At all times relevant hereto, Citgo on Vliet properly supervised its employees regarding SNAP transactions and program requirements.

19. At all times relevant hereto, Citgo on Vliet sold SNAP-eligible staple food items.

20. At all times relevant hereto, Citgo on Vliet also sold SNAP ineligible items.

21. A majority of items sold at Citgo on Vliet are (and were) SNAP-eligible items.

22. The Food and Nutrition Act does not define "common ineligible items."

23. FNS's SNAP regulations do not define "common ineligible items."

24. FNS has not issued any publicly issued guidance defining "common ineligible items."

25. Foam plates and toilet paper are not "common ineligible items" under FNS's regulations.

26. No other SNAP-authorized retail food store in the vicinity carries as wide an array of SNAP-eligible items at comparable prices.

27. At all times relevant hereto, Citgo on Vliet is and has been authorized by FNS to redeem SNAP benefits. Citgo on Vliet's FNS-issued SNAP authorization number is #089919.

28. On or about September 8, 2025, FNS's Retailer Operations Division ("ROD") sent Citgo on Vliet a letter charging the Store with accepting SNAP benefits in exchange for common ineligible non-food items, in alleged violation of FNS's SNAP regulations contained at 7 C.F.R. § 278.2(a) ("Charge Letter").

29. The Charge Letter alleged that Citgo on Vliet sold foam plates and toilet paper on one occasion on June 3, 2025.

30. On or about September 16, 2025, Citgo on Vliet submitted its response to the Charge Letter.

31. On December 4, 2025, FNS issued its initial determination ("Initial Determination"). In the Initial Determination, FNS concluded that the alleged violations set forth in the attachments to the Charge Letter occurred, declined to issue a warning or assess a Hardship CMP, and disqualified the Store from participating in SNAP for six months.

32. The Initial Determination, which consisted of a short form letter, advised that FNS found that "the violations [sic] occurred at your store."

33. On or about December 8, 2025, Citgo on Vliet timely sought administrative review of the Initial Determination pursuant to 7 C.F.R. Part 279.

34. On December 30, 2026, Citgo on Vliet submitted its response in support of its Request for Administrative Review of the Initial Determination ("Citgo on Vliet's Response").

35. Citgo on Vliet's Response requested that FNS's Administrative and Judicial Review Branch ("ARB") reverse the Initial Determination and either issue it a warning or assess a Hardship CMP.

36. On March 20, 2026, FNS Administrative Review Officer ("ARO") Mya Dupree issued the FAD. A copy of the FAD is attached hereto as Exhibit A.

37. In its FAD, FNS rejected all of Citgo on Vliet's arguments, notwithstanding the evidence submitted by the Store, and affirmed the Initial Determination that imposed a six-month term disqualification from SNAP upon Citgo on Vliet.

38. The FAD failed to address Citgo on Vliet's argument that foam plates and toilet paper are not "common ineligible items."

39. The FAD rejected Citgo on Vliet's argument that the management of the Store was not

4

careless and did not poorly supervise its employees.

40. The FAD, however, did not determine that the Store's ownership or management was careless or failed to properly supervise its employees. Instead, the FAD, using qualified verbiage, stated that "[w]hen SNAP violations occur at a firm, it *may* indicate a possible lapse in supervision or oversight. Such violations could result from insufficient training, inadequate monitoring, or a failure to implement appropriate controls. Thes violations [sic] *might* be considered as possible evidence of carelessness or inadequate supervision, whether the owner was physically present at the time." FAD at 6 (emphasis added).

41. ARO Dupree did not conduct any independent analysis of the allegations set forth in the Charge Letter and merely relied upon the undercover investigator's report.

42. The FAD failed to meaningfully address Citgo on Vliet's argument that a warning was appropriate.

43. The FAD rejected Citgo on Vliet's argument that a CMP was appropriate, noting only that the FNS's Office of Retailer Operations and Compliance ("ROC") allegedly determined that there were 30 other SNAP-authorized stores within a one-mile radius of Citgo on Vliet. *Id.* at 8.

44. The FAD improperly relied upon the ROC's determination, and ARO Dupree did not conduct her own independent analysis.

**45.** Despite ARO Dupree's conclusions, FNS's SNAP Retailer Locator indicates that there are only five other SNAP-authorized retailers within ½ mile of the Store, a smoke shop, three liquor stores, and an Asian supermarket.

**FNS's SNAP REGULATIONS**

46. Pursuant to 7 C.F.R. § 278.6(e)(5), the penalty for a firm not previously sanctioned for

accepting SNAP benefits in exchange for "common ineligible items due to carelessness or poor supervision" (emphasis added) is a six-month term disqualification from participation in SNAP.

47. FNS is required to "send the firm a warning letter if violations are too limited to warrant a disqualification." 7 C.F.R. § 278.6(e)(7).

**COUNT I - JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. § 279**

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Citgo on Vliet denies that it engaged in violations of FNS's SNAP regulations or that a six-month disqualification from SNAP was an appropriate penalty.

50. Citgo on Vliet did not sell any "common ineligible items" in exchange for SNAP benefits.

51. At no time did Citgo on Vliet poorly supervise its employees.

52. No evidence in the Administrative Record supports FNS's determination that Citgo on Vliet poorly supervised its employees.

53. At no time did Citgo on Vliet act carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

54. No evidence in the Administrative Record exists that supports FNS's determination that Citgo on Vliet acted carelessly in permitting the sale of "common ineligible items" in exchange for SNAP benefits.

55. FNS's determination that Citgo on Vliet sold "common ineligible items" in exchange for SNAP benefits was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

56. FNS's determination that Citgo on Vliet poorly supervised its employees was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

6

57. FNS's determination that Citgo on Vliet acted carelessly in permitting "common ineligible items" to be sold in exchange for SNAP benefits was invalid, unreasonable, arbitrary and, capricious, and unsupported by the evidence.

58. FNS's six-month disqualification of Citgo on Vliet's participation in SNAP was invalid, unreasonable, arbitrary and capricious, and unsupported by the evidence. *See Kim v. United States¸* 903 F. Supp. 118 (D.D.C. 1995) (reversing FNS's imposition of a six-month term disqualification where there was no evidence of intent, no evidence that a pattern of selling ineligible items due to carelessness existed, no prior warnings were given, and no trafficking took place).

59. FNS's six-month disqualification of Citgo on Vliet from participating in SNAP should be reversed because FNS failed to consider all evidence related to the Store.

60. FNS's six-month disqualification of Citgo on Vliet from participating in SNAP should be reversed because FNS failed to properly consider that the violations were too limited to warrant a term disqualification from SNAP.

61. FNS's six-month disqualification of Citgo on Vliet from participating in SNAP should be reversed because FNS's analysis of other SNAP-authorized stores in the vicinity (1) failed to consider where SNAP beneficiaries who shopped at Citgo on Vliet resided; and (2) was not based, upon information and belief, on store visits to other SNAP-authorized retailers in the vicinity in June 2025.

62. FNS's six-month disqualification of Citgo on Vliet from participating in SNAP should be reversed because FNS's analysis was not based on a comparison of (a) prices charged for staple food items or (b) the variety of staple food items at Citgo on Vliet and the other SNAP-authorized stores within ½ mile of the Store in June 2025.

7

63. FNS's six-month term disqualification of Citgo on Vliet from participating in SNAP should be reversed because FNS failed to interview any SNAP beneficiaries whose EBT cards were used at the store in June 2025.

64. FNS's six-month term disqualification of Citgo on Vliet from participating in SNAP was improper because it was not based on evidence that Citgo on Vliet poorly supervised its employees.

65. FNS's six-month term disqualification of Citgo on Vliet from participating in SNAP was improper because FNS had no evidence that Citgo on Vliet acted carelessly in permitting the exchange of nonfood items during a single transaction in exchange for SNAP benefits.

66. FNS's denial of Citgo on Vliet's request for a warning was not rationally related to any legitimate governmental interest.

67. FNS's failure to issue a warning to Citgo on Vliet based on the sale of ineligible items during a single transaction was inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

68. FNS's imposition of a six-month term disqualification based on the sale of SNAP-ineligible items was inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

69. FNS's denial of Citgo on Vliet's request for a warning represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

70. 7 C.F.R. § 278.6(e)(5), is inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(2) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

8

71. To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store based on the sale of SNAP-ineligible items, those criteria are inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(1) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

72. FNS's denial of Citgo on Vliet's request for a warning represents agency action beyond the scope of authority granted by Congress to FNS when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

73. District courts must exercise independent judgment in deciding whether an agency has acted within its statutory authority. *Loper Bright v. Raimondo*, 369 U.S. 369 (2024).

74. District courts should no longer grant deference to agency actions.

75. District courts should set aside agency actions that are unsupported by substantial evidence.

76. FNS's decision to deny the Plaintiff's request for a hardship civil money penalty exceeded its authority under the Food & Nutrition Act of 2008.

77. FNS's decision to deny the Plaintiff's request for a warning exceeded its authority under its SNAP regulations.

78. FNS's decision to deny the Plaintiff's request for a warning was not supported by substantial evidence.

79. At no time did FNS provide Citgo on Vliet with a warning that non-food items were sold at the Store on June 3, 2025, in exchange for SNAP benefits prior to issuance of the Charge Letter.

80. FNS should have provided Citgo on Vliet with a warning that non-food items, including

9

(but not limited to) foam plates and toilet paper, are not eligible for the redemption of SNAP benefits prior to the issuance of the Charge Letter.

81. FNS should have provided Citgo on Vliet with a warning that non-food items, including (but not limited to) foam plates and toilet paper, were being sold at the Store in exchange for SNAP benefits after the first alleged violation and before issuing a Charge Letter.

82. In the event that FNS provided Citgo on Vliet with a warning that non-food items, specifically foam plates and toilet paper, were being sold at the Store in exchange for SNAP benefits after the first alleged violation, Citgo on Vliet would have re-trained its employees regarding SNAP requirements.

83. FNS had no basis to have concluded that foam plates and toilet paper were "common ineligible items."

84. Prior to issuing the Initial Determination, FNS failed to conduct any analysis of the variety of staple food products carried at Citgo on Vliet or any other SNAP-authorized retailer in the vicinity in June 2025.

85. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at Citgo on Vliet.

86. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at other SNAP-authorized retailers in the vicinity.

87. No other SNAP-authorized retailer in the vicinity sells as wide a variety of SNAP-eligible items at comparable prices as Citgo on Vliet.

88. FNS, in issuing the FAD, relied upon records and other information never provided to Citgo on Vliet.

10

89. In its FAD, FNS relied upon data concerning other SNAP-authorized stores not "in the vicinity" of the Store.

90. Upon information and belief, in urban areas, FNS currently uses (or under recently, used) a half-mile radius to determine whether other SNAP retailers are "in the vicinity" in determining whether to assess a Hardship CMP.

91. FNS calculates distance "as the crow flies," not walking or driving distance, when determining whether there are other stores "in the vicinity" in the context of deciding whether to assess a Hardship CMP.

92. FNS's use of a one-mile radius in urban areas for determining whether other SNAP retailers are "in the vicinity" for hardship CMP purposes is arbitrary and capricious.

93. FNS's use of a one-mile radius for determining whether other SNAP retailers are "in the vicinity" for Hardship CMP purposes ignores that many SNAP beneficiaries do not have cars and do not (and cannot) walk up to two miles (round trip) to shop at a SNAP-authorized retailer.

94. No SNAP beneficiary, especially those who are elderly or disabled, can be reasonably expected to walk as much as one mile (each way) to shop at the unidentified stores referenced in the FAD.

95. No factual support exists for FNS's decision to deny Citgo on Vliet's request for a Hardship CMP.

96. FNS relied upon undisclosed analyses, including analyses of other SNAP-authorized retail food stores, which were never provided to Citgo on Vliet.

97. The FAD was not based upon any declarations or affidavits from a USDA or FNS employee or contractor whose identity was disclosed to Citgo on Vliet.

98. The FAD is FNS's final administrative determination that its six-month disqualification of Citgo on Vliet from participation as an authorized SNAP retailer was properly imposed.

99. The FAD is subject to judicial review and a trial *de novo* pursuant to 7 U.S.C. §§ 2023(a)(13), (15).

100. Judicial reviews pursuant to 7 U.S.C. §§ 2023(a) are not governed by the Administrative Procedure Act, and the evidence is not limited to the administrative record prepared by FNS.

101. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

102. The FAD was based on SNAP regulations promulgated by FNS in excess of authority granted to it (and USDA) by Congress.

103. FNS incorrectly determined that Citgo on Vliet was not eligible for a Hardship CMP, in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

104. FNS's denial of Citgo on Vliet's request for a Hardship CMP was premised upon an erroneous, unsupportable, arbitrary, and capricious interpretation of 7 C.F.R. § 278.6.

105. In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Citgo on Vliet.

106. Plaintiff respectfully requests a *de novo* review of FNS's FAD, which affirmed the term disqualification of Citgo on Vliet's store from SNAP and determined that the alleged violations took place.

107. Plaintiff respectfully requests a *de novo* review of FNS's FAD in which FNS affirmed the decision in the Initial Determination to decline to issue a warning.

WHEREFORE, Plaintiff Siddiquie Brothers LLC respectfully requests that this Court, after conducting a *de novo* review of the FAD, enter judgment in its favor and against the United States and issue an Order granting the following relief:

(a)    Reversing the FAD;

(b)    Vacating FNS's Initial Determination;

(c)    Declaring the FNS's policy of not obtaining data to determine whether other SNAP-authorized stores in the area sell as large a variety of staple food items at comparable prices is arbitrary and capricious, is inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

(d)    Declaring that FNS's use of a one-mile radius from a retail food store when making a Hardship CMP determination is arbitrary and capricious;

(e)    Preliminarily enjoining FNS from disqualifying Citgo on Vliet from participating in SNAP during the pendency of this action;

(f)    Permanently enjoining FNS from denying Citgo on Vliet's authorization to participate in SNAP based upon the Initial Determination and the FAD;

(g)    In the alternative, directing FNS to impose a Hardship Civil Monetary Penalty in an amount consistent with FNS's regulations;

(h)    Awarding Siddiquie Brothers LLC an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(i)    Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 6th day of April 2026.

By:    */s/* Stewart D. Fried
Stewart D. Fried, Esq.
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., Suite 4003
Washington, DC 20006
Telephone: 202.518.6326
Facsimile: 202.234.3550
sfried@ofwlaw.com

*Attorneys for Plaintiff Siddiquie Brothers LLC*